IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHANELL I. BRYANT,              )
                                )
            Plaintiff,          )
                                )
    v.                          )     1:20CV1101
                                )
MOTORSPORTS OF DURHAM, LLC,     )
d/b/a RAGING BULL HARLEY        )
DAVIDSON,                       )
                                )
            Defendant.          )

## ORDER

On June 29, 2021, the United States Magistrate Judge's Memorandum Opinion and Recommendation ("Recommendation") was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. (Docs. 10, 11.) No objections were filed within the time limits prescribed by Section 636.

The court need not make a de novo review and the Magistrate Judge's Recommendation is hereby adopted.

The Magistrate Judge recommended that Defendant's Motion to Dismiss be granted without prejudice "so that [Plaintiff] may properly move to amend her Complaint." (Doc. 10 at 30-31.) As recognized by the Magistrate Judge, Plaintiff's "informal request" to amend in her opposition brief to Defendant's motion to dismiss "is an impermissible method for seeking leave to amend." (Id. at 30.) The motion to dismiss was filed on

February 8, 2021, (Doc. 4), and the Recommendation was filed on June 29, 2021, (Doc. 10). Plaintiff waited until July 19, 2021, to move to amend. (Doc. 12.)

Plaintiff's conduct here is of some concern to this court. The Recommendation process is not intended as an opportunity for the court to provide Plaintiff with a road map to the requirements of filing a successful pleading. Plaintiff was aware of the alleged defects in her Complaint by virtue of the persuasive motion to dismiss and nevertheless waited more than five months to file a motion to amend and re-allege, <u>inter alia</u>, the deficient FMLA claims.

As one court has noted: "To allow the Plaintiffs to amend their Complaint at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition of a dispositive motion, would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss, it 'would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of the Magistrate Judge's opinion. . . .'" <u>Bailey v. Polk Cnty.</u>, Civil Case No. 1:10cv264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011) (quoting <u>Glazer v. Chase Home Fin. LLC</u>, No. 1:09CV1262, 2010 WL 1391318, at *1 (N.D. Ohio. Mar. 31, 2010). If Plaintiff

- 2 -

Case 1:20-cv-01101-WO-LPA   Document 13   Filed 09/17/21   Page 2 of 3

delays again in similar circumstances, this court will weigh heavily the timeliness of the motion.

Nevertheless, the Magistrate Judge recommended a dismissal without prejudice and Defendant, although it "does not consent . . . does not currently intend to formally oppose the request." (Doc. 12 at 2.) Under these circumstances, the motion to amend, (Doc. 12), will be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, (Doc. 4), is **GRANTED IN PART AND DENIED IN PART** as follows: Plaintiff's ADA retaliation claim is allowed to proceed and all other claims are dismissed without prejudice so that Plaintiff may properly move to amend her complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File her First Amended Complaint, (Doc. 12), is **GRANTED** and Plaintiff shall file the First Amended Complaint within five (5) days of the entry of this order.

This the 17th day of September, 2021.

_____
United States District Judge